Judgment reversed.

---

TIMOTHY F. QUINN *v.* ALBERT S. CASE AND OTHERS.

It is the settled practice of the courts to open a default arising from a failure to answer, on the defendant swearing to merits and paying costs.

A party is entitled to relief against the consequences of an irregularity in the service of a paper during the progress of a cause; but the terms upon which such relief will be granted, are in the discretion of the judge who hears the application therefor.

If an order refusing an application for relief, in effect determines the action, and prevents a judgment from which an appeal might be taken, it may be reviewed at general term, upon an appeal, as a matter of right.

But where an application for relief is addressed to the discretion of the judge hearing it, his decision cannot be reviewed, upon appeal, without a certificate, under the rule of this court, of March 22d, 1851.

APPEAL from an order, at special term, denying a motion for

leave to serve an answer. The action was commenced by the service of a summons and complaint. The complaint stated that the defendants were bankers, and that Edward McGuire, assignor of the plaintiff, opened an account, and had dealings with them, upon which defendants became indebted to him in a balance of $3,899.86, which they had refused to pay. It also alleged an assignment of this claim to the plaintiff.

Before the time to answer had expired, the defendants' attorneys procured an order extending their time. This order was served on the plaintiff's attorney, but was not accompanied by a copy of the affidavit on which it was granted. The plaintiff's attorney, on the expiration of the usual twenty days allowed for answering, served a notice of taxation of costs. The defendants' attorneys then applied, at special term, for leave to come in and defend. The motion was denied, and the defendants appealed.

It appeared by the affidavits read on the motion, that McGuire, the assignor of the plaintiff, had performed work in local improvements for the city of Hoboken. As the work progressed the officers of the city had, from time to time, issued to McGuire "improvement certificates," so called, of the city of Hoboken, in part payment. The certificates so issued, during the progress of the work, amounted in all to $5,390, and were payable by the treasurer of the city, in ninety days from their date. Upon the conclusion of the work for which McGuire was employed, he presented a bill of particulars of the whole, amounting to $8,909, but giving no credit for the partial payments previously made. Through mistake, the mayor and city clerk issued to McGuire further certificates for $8,909, instead of deducting the $5,390 paid, as they should have done. It was charged that McGuire knew of the error at the time of the last payment; and also that he was afterwards, and before the assignment of the claim in suit to the plaintiff, notified of the mistake and desired to correct it, which he promised to do, but did not.

On receiving the certificates in question, McGuire sold them to the defendants, receiving, from time to time, payments from

them on account of the purchase, but they, having been notified of the manner in which the certificates were obtained by McGuire, and that the city of Hoboken would contest them, withheld further payments. McGuire then assigned his claim upon them for the balance of the purchase money to the present plaintiff.

*Denning & Husted,* for the appellant.

*James McGay,* for the respondents.

By the Court, HILTON, J.—The defendants appeal from an order, made at special term, denying their motion for leave to serve an answer. It appears that before the time for answering the complaint expired, the defendants, upon a proper affidavit, obtained, from one of the judges of this court, an order extending the time to answer twenty days. This order was served on March 21, 1859, the day of its date, upon the plaintiff's attorney, but the service was not accompanied with the affidavit on which it was granted. It was for this reason disregarded, (Code, § 405), and notice of taxation was given of the plaintiff's costs, evidently preparatory to entering the judgment. Three days after the order was thus served, the defendants served a copy of the affidavit, but subsequently, fearing the plaintiff would disregard the order and enter judgment, they applied for leave to serve an answer, thus treating the case as one where the time to answer had expired, but no judgment entered.

The affidavits presented upon the motion show that the plaintiff, as assignee of one McGuire, sues to recover from the defendants, who are brokers, the balance due upon the sale by McGuire to them of certain improvement certificates of the city of Hoboken, which were issued by the city to McGuire under a mistake, and were received by him with a full knowledge that he was in no way entitled to them. Or, to state the facts with more distinctness: McGuire had done certain work for the city, for which he had been paid on account, from time to time, as it progressed. When it was finished, he presented a statement of the whole work

done, and on which he was paid, by the officers of the city, the full contract price, they omitting, by mistake, to deduct the sums thus previously paid on account. Some months after, on discovering the mistake, they applied to McGuire to return the certificates which he had thus improperly received. He then made no claim that he was entitled to them, and promised to arrange the matter. This he neglected to do; on the contrary, he thereafter transferred to the plaintiff the balance remaining due from the sale of the certificates to the defendants.

The city of Hoboken has given actual notice to the defendants that they would not pay the certificates thus obtained, and a notice has been published in the newspapers, to the effect, that as the certificates were issued through mistake and without consideration, they would not be paid, and cautioning the public against negotiating or purchasing them. And it is alleged that the plaintiff, at the time he accepted the assignment of the claim for which this action is brought, had a full knowledge of all these facts.

Upon these circumstances, which, if proved at the trial, would seem sufficient to constitute a valid defence to this action, being shown by affidavits, I think the judge at special term erred in refusing the defendants leave to answer, thus, in effect, determining the action, and preventing a judgment from which an appeal might be taken. Code, § 349, sub. 4. This was not a case where a party was asking to have a judgment vacated, and that he be let in to defend upon the merits, the determination of which application might rest, in some degree, in the discretion of the judge, and therefore might not be reviewable upon appeal, without a certificate, under the rule of March 22, 1851; but it was the ordinary case of a party committing an irregularity in a service of a paper, and against which he was entitled to be relieved, upon such terms, however, as would be proper under the circumstances. *Quick* v. *Merrill*, 3 Caine's, 133; *Bander* v. *Covill*, 4 Cowen, 60.

It has long been the settled practice of the courts to set aside a default, on the defendant swearing to merits and paying costs;

(*Davenport* v. *Ferris*, 6 John. 131; *Tallmadge* v. *Stockton*, 14 John. 342); and in *Hanford* v. *McNair* (2 Wend. 286,) the court went so far as to hold, that, upon a motion to open a default, the ordinary affidavit of merits could not be contradicted.

Here, there is not only the usual affidavit of merits presented, but, in addition, circumstances are shown which, if uncontradicted, clearly make out a substantial defence.

DALY, First Judge.—I did not fully understand this case when the motion was made for leave to put in an answer. Upon reading the affidavit now, I find that there is sufficient in the conduct of McGuire to support the allegation that he obtained the certificates fraudulently. The great excess over the amount due him, which was $3,519, for which he received certificates for $8,909, or $5,390 more than he was entitled to; his haste to get the signature of the mayor, his subsequent recognition of the fact that he had been overpaid, and his promises to go over to Hoboken and arrange the matter, which he never kept; are circumstances from which it may be inferred that he disposed of the certificates to the defendants with a knowledge that he was not entitled to $5,390 of the amount they represented. That, in the sale of them to the defendants, he dishonestly concealed the facts which, if disclosed, would have enabled the defendants to know that what they were purchasing was improperly obtained by McGuire from the corporation of Hoboken. There may be some difficulty in the defendants' setting up a defence, unless the Hoboken corporation are made parties; but I quite agree with Judge HILTON that the defendants' rights should not be summarily disposed of upon a motion like this. That there is quite enough in the affidavit to show a dishonest attempt on the part of McGuire and his assignee, who is alleged to have knowledge of the fact, to obtain, either from the defendants or the corporation of Hoboken, a large sum of money to which they know they have no claim.

Order appealed from reversed, and defendants permitted to answer upon payment of $10 costs of the motion at special term.